IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. CIV S-09-3040-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. / | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is a motion for a more definite statement (Doc. 28) filed by four defendants. Plaintiff filed an opposition to the motion (Doc. 31) and defendants filed a reply (Doc. 40).

      This case proceeds on plaintiff's amended complaint (Doc. 18). Plaintiff's original complaint was dismissed because his complaints were vague and conclusory. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The undersigned screened the amended complaint as required, and authorized service on the defendants. Upon screening, the court found:

> Plaintiff alleges in his complaint that following an unlawful stop and arrest, wherein he alleges he was subjected to unlawful excessive force by the arresting police officer, plaintiff was delivered to the Yolo County Jail. Upon deliverance at the jail, plaintiff alleges he was denied medical treatment, suffered additional use of excessive force, and was denied due process related to his placement in administrative segregation. He claims the basis for his mistreatment was retaliation for filing a complaint related to his mistreatment.

(Doc. 22 at 1-2). While the court did not go into detail as to what claims were raised against which defendant, several defendants were dismissed for failure to state a claim, while service was authorized as to others. The moving defendants, Malugani, Deneau, Hundal, and Brace, were all added to the amended complaint, and facts were alleged therein as to their alleged misconduct. Thus, they were added to the docket, and service was authorized. Other defendants to this action have proceeded with filing an answer, and are not party to this motion.

Federal Rule of Civil Procedure 12(e) "is designed to strike at unintelligibility, rather than want of detail." Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist. Facilities Corp., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). The rule permits a party to move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion "must be considered in light of the liberal pleading standards set forth in Rule 8(a)(2)." Comm. for Immigrant Rights of Sonoma County v. County of Sonoma, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009). It is not the function of a Rule 12(e) motion to enable the defendants to ascertain details of the plaintiff's case or to require the plaintiff to provide evidentiary material that may properly be obtained by discovery. See id.; Woods, 600 F. Supp. at 580; Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981); Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

Motions for more definite statement "should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and 'literally cannot frame a responsive pleading.'" Hubbs v. County of San Bernardino, 538 F.

1  Supp. 2d 1254, 1262 (C.D. Cal. 2008) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1461
2  (C.D. Cal. 1996)).  See also Comm. for Immigrant Rights of Sonoma County, 644 F. Supp. 2d at
3  1191 (holding that a motion for more definite statement is proper only where the complaint is so
4  vague or ambiguous that the opposing party cannot respond even with a simple denial).  In
5  addition, any motion for more definite statement "must point out the defects complained of and
6  the details desired." Fed. R. Civ. P. 12(e).

   In the instant case, the moving defendants argue the claims in the complaint are too vague and ambiguous for them to soundly assess what claims plaintiff is making and which of them are advanced against them.  They also contend that the amended complaint contains a mishmash of theories and rambling allegations which make it impossible for them to ascertain the claims against them.

   Plaintiff's opposition to the motion is not especially helpful.  Regardless, the undersigned found at screening that the amended complaint, while perhaps not eloquent, was sufficiently understandable.  Defendants' motion does not change that determination.

   The issue before the court, on a Rule 12(e) motion is whether the complaint is sufficiently understandable, not whether the facts alleged are sufficient to state a claim.  As the court previously determined, plaintiff's complaint raises issue relating to his medical care, excessive force, denial of due process related to his placement in administrative segregation, and retaliation.  While plaintiff's claims may not be eloquently stated, they are sufficiently set forth as to be understandable.  Defendants complain about the lack of allegations, referring to one of twenty-five pages, and a lack of cited authority.

   Reading the complaint liberally, however, the court finds it is not so vague and ambiguous that defendants cannot understand plaintiff's claims against them sufficiently in order to formulate their defenses, assert appropriate affirmative defenses, or file appropriate motions. Plaintiff alleges defendant Malugani retaliated against him for grieving his treatment during his arrest by ordering defendant Brace to mis-classify him without a hearing.  (Am. Comp., Doc. 18,

at 13). He then alleges defendant Malugani ordered defendants Hundal and Deneau to use excessive force against him while placing him in administrative segregation. (Am. Comp. at 14). Plaintiff further alleges defendants Deneau and Hundal tried to break his arms and disregarded a prior injury to his wrist, again using excessive force and causing him severe pain, and at a later time dragged him over 20 yards, without cause. (Am. Comp. at 14-15). Finally, he alleges he was targeted for disciplinary rule violation report, in order to cover up the alleged assault, and the two assaulting defendants, Deneau and Hundal, acted as hearing officers.

Again, plaintiff's amended complaint is not the most eloquently drafted prisoner complaint. However, the undersigned has determined it is sufficiently clear to provide the defendants with enough facts to understand plaintiff's claims against them in order to formulate their defenses, assert appropriate affirmative defenses, or file appropriate motions. Additional details of plaintiff's claims can be obtained through discovery. Whether through interrogatories or a simple deposition, defendants will have the tools to determine the exact facts supporting each of plaintiff's claims. Regardless of plaintiff's other litigation, as a pro se prisoner plaintiff the court reads plaintiff's amended complaint liberally, and finds it sufficient enough to allow defendants to frame a responsive pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a more definite statement (Doc. 28) is denied; and

2. Defendants' responsive pleading shall be filed in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED: December 9, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4