IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. CIV S-09-3040-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for declaratory judgment, pursuant to 28 U.S.C. § 2201 (Doc. 27).

      This civil rights action stems from plaintiff's claim of inadequate medical care during his time at the Yolo County Jail.  Several of the defendants have appeared in this action, but others have not yet answered the complaint.  As such, no scheduling order has issued, and discovery has not been undertaken.

/ / /

/ / /

/ / /

Plaintiff has filed a motion for declaratory judgment, seeking a judgment in his favor and a declaration from the court that the defendants violated his rights.  A federal district court's exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, is discretionary, even when the suit otherwise satisfies the prerequisites to establish subject matter jurisdiction.  See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir.1998) (en banc).  Here, plaintiff's motion is tantamount to a request the court find he has proven his § 1983 claims that the defendants have violated his Constitutional rights.  Such a request equates to a grant of summary judgment for plaintiff, and not a request for declaratory judgment.  To that extent,  plaintiff's motion is premature and fails to meet the pleading requirements.  A motion for summary judgment is appropriate where there is no genuine dispute as to any material fact regarding specific claims raised in the complaint.  See Fed. R. Civ. Proc. 56.  The party moving for summary judgment on the grounds that a fact cannot be genuinely disputed must support that assertion by citations to "particular parts of materials in the record . . . ."  Id.  Here, plaintiff does not provide any support for his assertions of inadequate medical care, such as a declaration or discovery responses.  Thus, he has not met the pleading requirements for a motion for summary judgment.

To the extent plaintiff's motion could be construed as one for judgment on the pleadings, such a motion is also premature.  A motion for judgment on the pleadings is properly filed "[a]fter the pleadings are closed . . . ."  Fed. R. Civ. Proc. 12(c).  Here, pleadings are not closed, as several defendants have not answered the complaint and the time for doing so has not yet expired.

The undersigned finds no support in the record for plaintiff's motions at this time.  If, after pleadings are closed, plaintiff has sufficient support for his claims, he may file a new motion.  Plaintiff is cautioned, however, to review the local rules, a copy of which has been previously provided, to ensure he files his motion with the proper supporting documentation.  See Local Rule 260.

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for declaratory
2 judgment (Doc. 27) is denied without prejudice.

  DATED: December 23, 2011

```
                                    _____
                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE
```