IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,                              No. CIV S-09-3040-GEB-CMK-P

      Plaintiff,

  vs.                                                       FINDINGS AND RECOMMENDATIONS

CALIFORNIA FORENSIC MEDICAL
GROUP, et al.,

      Defendants.
                               /

          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a writ of mandamus.

          This action proceeds on plaintiff's amended complaint, raising claims of excessive force, denial of medical treatment, and denial of due process while he was confined in the Yolo County Jail. In his current motion, plaintiff alleges employees at Corcoran State Prison, where he is now incarcerated, are interfering in his ability prosecute this case. He is requesting the court issue a writ of mandamus to stop this interference.

          Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions . . . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the <u>United States or any agency thereof</u> to perform a duty . . . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of

mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act.  See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

Plaintiff is requesting this court to issue an order commanding State employees to act, or not act, in a certain manner.  Such a request is outside this court's power.  The individuals plaintiff contends are interfering with his ability to prosecute this case are not employees of the United States, but of California. In addition, these individuals are not parties to this action.  This court does not, therefore, have to power to command these individuals.  See also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Based on the foregoing, the undersigned recommends that plaintiff's motion for a writ of mandamus (Doc. 63) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE