# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,                          No. 2:09-cv-3040-GEB-CMK-P

      Plaintiff,

  vs.                                        <u>ORDER</u>

CALIFORNIA FORENSIC MEDICAL
GROUP, et al.,

      Defendants.

                                  /

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's amended complaint (Doc. 18). Pending before the court is defendants' unopposed motion to compel discovery responses (Doc. 68).

      In their motion to compel, defendants argue that discovery was propounded on plaintiff, including a request for production of documents, special interrogatories, and requests for admissions. Pursuant to the court's scheduling order, responses to the discovery requests were due 45 days after service. However, defendants have received no response to their request for production of documents, special interrogatories, or their second request for admissions, and inadequate responses to their first request for admissions. No response was received from plaintiff, even after the defendants sent plaintiff a meet and confer letter, providing plaintiff with

additional time in which to respond.

The scope of discovery is generally governed by Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) provides that "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37 provides that if a party fails to respond to discovery requests, the propounding party may move for an order compelling an answer. See Fed. R. Civ. Proc. 37(a)(3)(B). Generally, discovery responses are due within 30 days after being served, unless otherwise ordered by the court. See e.g., Fed. R. Civ. Proc. 33(b)(2), 36(a)(3). Here, pursuant to the scheduling order issued December 20, 2011, the court has allowed 45 days for responses, due to plaintiff's incarceration.

Plaintiff has not filed an opposition to the motion to compel, so has not offered any reason why this motion should not be granted. The complete failure of plaintiff to respond in any way to defendants' propounded discovery requests requires an order compelling a response. As for plaintiff's failure to provide responses to the special interrogatories, and produce the documents requested, plaintiff will be required, within a short amount of time provided herein, to provide defendants with appropriate responses. Having not provided timely responses, plaintiff has waived any objection he may have to the requests propounded. See Fed. R. Civ. Proc 33(b)(4). Failure to provide full and complete answers to the questions and requests will therefore be grounds for additional sanctions.

As for plaintiff's failure to respond to the second request for admissions, Rule 36 provides that the failure to timely respond will result in the matter being deemed admitted. See Fed. R. Civ. Proc. 36(a)(3). As plaintiff failed to respond at all to the second request, the rule is clear that the matters are to be deemed admitted. No response to the second request for admissions was received at all, nor has plaintiff filed an opposition to this motion providing the court with an explanation or request to be relieved from his failure to respond. Thus, the second

request for admissions at issue here are deemed admitted.

However, plaintiff did provide a response to the first request for admissions. This request was served on plaintiff March 9, 2012. He did respond, but defendants argue his response was inadequate. There are three requests for admissions at issue here, for which plaintiff's response is challenged:

> Request for Admissions No. 1:
> Admit Defendant MALUGANI did not retaliate against you at any time during your incarceration at the Yolo County Jail in 2009.
>
> Plaintiff's Response to Request for Admissions No. 1:
> Plaintiff admits that Defendant (Sgt. Mr. Malugani did retaliate against (Him) at the time plaintiff was "held" by illegal restraint from (Sept. 18, 2009) thru till (May 5, 2010) in the Yolo County Jail Sheriff's Dep't Monroe Detention for exercise of his Fed. protected Const. Rights, to aggrieve inhumane treatment and assault upon (his) person.
>
> Request for Admissions No. 2:
> Admit Defendant HUNDAL did not use excessive force against you at any time during your stay at the Yolo County Jail in 2009.
>
> Plaintiff's Response to Request for Admissions No. 2:
> Plaintiff "admits" Defendant (Hundal) did use unlawful excessive force against and upon Plaintiff's person and tried to break (both) Plaintiff's wrists and arms behind (his) back with excessive force till breaking point, as their supervisor (Sgt. Malugani) look on and failed to intervene. Where Plaintiff was arrested and house in Yolo County Jail (Sept. 18, 2009) Monroe Sheriff's Dept. Detention.
>
> Request for Admissions No. 3:
> Admit Defendant DENEAU did not use excessive force against you at any time during your stay at the Yolo County Jail in 2009.
>
> Plaintiff's Response to Request for Admissions No. 3:
> Plaintiff admits Defendant (Deneau) did use unlawful excessive force against and upon Plaintiff's person and tried to break (both) Plaintiff's writs and arms behind (his) back with excessive force till breaking point. As their supervisor (Sgt. Malugani) looked on and failed to intervene (Sept. 19, 2009). Plaintiff was arrested and housed in (Yolo County Jail) Monroe Sheriff's Dept. Detention.

A party to whom requests for admissions have been propounded may either answer the admission by admitting or denying the matter or objecting to the request. A denial must fairly meet the substance of the requested admission. A party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party also states that

he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.  See Fed. R. Civ. P. 36(a).  If an objection is made, the reasons for the objections must be stated.  "A party must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).

If, upon a motion made by the requesting party to determine the sufficiency of responses, the court determines that a response does not comply with the requirements of  Rule 36, the court may order that the matter is admitted or that an amended answer be served.  See Fed. R. Civ. P. 36(a)(6).

Here, plaintiff attempts to admit the opposite of what was asked.  Instead of denying the request, he attempts to confuse the issue by admitting what was not asked.  This is not an acceptable response.  Plaintiff may either admit, deny, or object to the request as it is written.  He may not alter the request or rewrite it in order to admit to something that was not asked.  Therefore, the undersigned finds the response does not comply with the requirements of Rule 36.  Plaintiff shall serve an amended answer to the requests for admission within 30 days of the date of this order.  If plaintiff fails to do so, defendants may renew their motion for sanctions, as discussed below.

Defendants request sanctions from plaintiff for his failure to respond and for having to bring this motion.  Sanctions are required where a motion to compel is granted, unless "circumstances make an award of expenses unjust."  Fed. R. Civ. Proc. 37(a)(5)(A)(iii).  Defendants are not requesting monetary sanctions, but rather request the court issue terminating sanctions, dismissing the case against them, or an order compelling responses from plaintiff.  The court is not willing to issue terminating sanctions without providing plaintiff an opportunity to correct his failure to respond.  Thus, plaintiff will be required to respond to the discovery requests within a short amount of time.   However, plaintiff is warned that his failure to comply with this order and provide defendants will full and complete responses to the discovery requests may result in other sanctions, including the dismissal of this action for his failure to participate.

1  Defendants cannot be required to defend this action where plaintiff refuses to follow court orders
2  and the Federal Rules of Civil Procedure.  While the court acknowledges that plaintiff is
3  proceeding pro se, that does not excuse his failure to provide appropriate responses.  "Although
4  we construe pleadings liberally in their favor, pro se litigants are bound by the rules of
5  procedure."  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d
6  565, 567 (9th Cir. 1987)).

7  　　　　　If plaintiff fails to provide full and adequate responses to the outstanding
8  discovery, within the time provided herein, defendants may bring a renewed motion for
9  sanctions, including dismissal sanctions.   Such a motion shall be filed within 14 days of the date
10 the discovery responses are due.

11 　　　　　Pursuant to the current scheduling order, the time for discovery has expired.
12 However, as this motion was timely filed, it is reasonable to extend the deadlines set therein in
13 order to accommodate the need for adequate responses to the defendants' discovery requests.
14 Therefore, as stated above, plaintiff is required to submit full and adequate responses to the
15 outstanding discovery within 30 days of the date of this order.  If no response, or inadequate
16 response, is received by the defendants, a renewed motion for sanctions may be filed within 14
17 days after the date the responses are due.  If adequate responses are received, and no renewed
18 sanctions motion is required, any dispositive motion shall be filed within 90 days of the date of
19 this order.  If a renewed motion for sanctions is necessary, the dispositive motion deadline will
20 be addressed thereafter, if required.

21 　　　　　Accordingly, IT IS HEREBY ORDERED that:

22 　　　　　1.　　　　Defendants' motion to compel (Doc. 68) is granted;

23 　　　　　2.　　　　The requests for admissions, set two, propounded on plaintiff April 24,
24 2012, for which no response was received, are deemed admitted;

25 　　　　　3.　　　　Plaintiff shall, within 30 days of the date of this order, serve his responses
26 to the defendants' request for production of documents, set one, and special interrogatories, set

one, on defendants without objections;

      4.     Plaintiff shall, within 30 days of the date of this order, serve adequate responses to the request for admissions, set one, on defendants without objections;

      5.     Failure to serve full and complete responses to the pending discovery requests may result in further sanctions, including the dismissal of this action for plaintiff's failure to follow court orders and prosecute his case;

      6.     If no response is received, or if an inadequate response is received, from plaintiff, defendants may file a renewed motion for sanctions within 14 days of the date the discovery responses are due; and

      7.     The scheduling order is modified so that any dispositive motions shall be filed within 90 days of the date of this order.

DATED: March 25, 2013

                                                              */s/ Craig M. Kellison*
                                                             **CRAIG M. KELLISON**
                                                             UNITED STATES MAGISTRATE JUDGE