**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ANTHONY R. TURNER,                                    No. 2:09-cv-3040-GEB-CMK-P

        Plaintiff,

    vs.                                                      <u>FINDINGS AND RECOMMENDATIONS</u>

CALIFORNIA FORENSIC MEDICAL
GROUP, et al.,

        Defendants.

                            /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pending before the court is plaintiff's motion for temporary restraining order (Docs. 88, 104, 123).

        Plaintiff brings this action against several defendants based on his treatment while in the Yolo County Jail.  He alleges that he was denied medical treatment, suffered additional use of excessive force, and was denied due process related to his placement in administrative segregation.  He claims the basis for his mistreatment was retaliation for filing a complaint related to his mistreatment.

/ / /

/ / /

1

Plaintiff has since informed the court that he has been transferred in the California Department of Corrections and Rehabilitation.  At one point, plaintiff was housed at Salinas Valley State Prison (SVSP).  It appears plaintiff is now located at California State Prison, Corcoran (CSP-C).  In his motions for injunctive relief, plaintiff claims he is being mistreated and retaliated against by several correctional officers and others both at prisons where he has been housed.  None of the allegations of retaliation or his current mistreatment are against any of the defendants named in this action.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

Here, plaintiff has filed a request for injunctive relief against individuals who are not named as defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  The request must, therefore, be denied.

Based on the foregoing, the undersigned recommends that plaintiff's motions for temporary restraining order and injunction (Docs. 88, 104, 123) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

1   after being served with these findings and recommendations, any party may file written

2   objections with the court.  Responses to objections shall be filed within 14 days after service of

3   objections.  Failure to file objections within the specified time may waive the right to appeal.

4   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5

6     DATED:  February 24, 2014

7

8                                                 **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26