1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ANTHONY R. TURNER,                          No. 2:09-cv-3040-GEB-CMK-P

12              Plaintiff,

13       vs.                                     FINDINGS AND RECOMMENDATION

14  CALIFORNIA FORENSIC MEDICAL
    GROUP, et al.,
15
                Defendants.
16  _____/

17           Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.   This action proceeds on plaintiff's amended complaint (Doc. 18).  Pending

19  before the court is defendants' renewed motion for discovery sanctions (Doc. 89).  Plaintiff filed

20  an opposition to the motion (Doc. 92) and defendants filed a reply brief (Doc. 93, 94).

21           Defendants previously filed a motion to compel  (Doc. 68).  In that motion, the

22  defendants requested the court issue terminating sanctions based on plaintiff's failure to

23  cooperate with the discovery process, and his failure to respond to the discovery propounded on

24  plaintiff, including a request for production of documents, special interrogatories, and requests

25  for admissions.  Plaintiff did not oppose that prior motion.  In the order granting the motion to

26  compel, the undersigned explained to plaintiff that even though he was proceeding in this action

in pro per, he was still required to cooperate with and participate in the discovery proceedings in order to move this case along.  It was explained to plaintiff that the defendants cannot be required to defend against an action wherein plaintiff refuses to follow court orders and the Federal Rules of Civil Procedure.  Plaintiff was ordered to provide the defendants with appropriate responses to the discovery requests.  Plaintiff was cautioned that failure to provide the defendants with responses to their discovery requests, as ordered, would result in further sanctions including the possibility of terminating sanctions resulting in the dismissal of this action.

Rule 37 of the Federal Rules of Civil Procedure provides appropriate sanctions in the event a party fails to obey a court's order to provide discovery, including establishing facts as proven, the striking of pleadings, dismissing the action, rendering a default judgment against the disobedient party, or finding a party in contempt of court.  Fed. R. Civ. Proc. 37(b)(2).  The Rules also provide the court with the ability to dismiss an action if the plaintiff fails to prosecute their case, or fails to comply with the Rules or court orders.  Fed. R. Civ. Proc. 41(b).

The court must generally weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Here, plaintiff was specifically ordered to comply with the discovery requests.  He was warned that failure to do so would result in the defendants filing a new motion for terminating sanctions.  While plaintiff contends that his legal property has been withheld from him and he has been denied law library access, many of the discovery requests propounded on plaintiff did not require any documents or legal research, but could have been answered based on plaintiff's personal knowledge.  In addition, plaintiff never requested additional time from either the court or the defendants in which to comply with the court's order and the discovery requests.  Yet, the court received from plaintiff numerous other filings, including a motion for default judgment and a request for a settlement conference.  Thus, plaintiff clearly had the ability to request additional time from either the court or the defendants.  He simply failed to do so.

The defendants have informed the court that plaintiff sent responses to their requests for admissions to the court, not defense counsel, along with his opposition to the motion for sanctions.  This untimely and inadequate response from the plaintiff is simply insufficient.

Having considered these factors, and in light of plaintiff's failure to respond to the defendants' discovery requests, as ordered by the court, failure to seek additional time in which to do so, and/or to seek a protective order,  the undersigned finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that defendants' renewed motion for terminating sanctions (Doc. 98) be granted, this action be dismissed for lack of prosecution and failure to comply with court rules and orders, and that all pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.

3

1   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2

3     DATED:  March 5, 2014

4                                                    _____
                                                     **CRAIG M. KELLISON**
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26